FILED
MARCH 27, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Case: 1:08-cv-01789 Document #: 1 Filed: 03/27/08 Page 1 of 10 PageID #:1

08 C 1789

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JUDGE GUZMAN**
**MAGISTRATE JUDGE COLE**

| | | |
|---|---|---|
| KEVIN SROGA | ) | |
| | ) | Case No.: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | COMPLAINT FOR VIOLATION |
| | ) | OF CIVIL RIGHTS AND |
| P.O. WEIGLEN Star No. 13384, | ) | STATE SUPPLEMENTAL CLAIMS |
| P.O. NIEDZWIECKI Star No. 11319, | ) | |
| P.O. BLASZ Star No. 10077, P.O. TARALA | ) | |
| Star No. 19323, P.O. JOHNSON Star No. 17442, | ) | **J. N.** |
| P.O. FICO Star No. 6284, P.O. VASQUEZ | ) | |
| Star No. 19492, P.O. SCHILLING, Star No. 6449, | ) | |
| P.O. LA CASA CALIZ Star No. 8686, | ) | |
| individually, and THE CITY OF CHICAGO | ) | |
| | ) | |
| Defendants. | ) | **JURY DEMANDED** |

## COMPLAINT

### JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C Section 1983]. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

2. Venue is found in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

### PARTIES

3. At all times herein mentioned, Plaintiff KEVIN SROGA ("Sroga" or "Plaintiff") was and now is a citizen of the United States, and resides within the jurisdiction of this Court.

4. At all times herein mentioned, Defendant Police Officer WEIGLEN Star No. 13384 ("Weiglen") was employed by the Chicago Police Department and was acting under color

1

of state law and as the employee, agent, or representative for the Chicago Police Department. This Defendant is being sued in his/her individual/personal capacity.

5. At all times herein mentioned, Defendant Police Officer NIEDZWIECKI Star No. 11319 ("Niedzwiecki") was employed by the Chicago Police Department and was acting under color of state law and as the employee, agent, or representative for the Chicago Police Department. This Defendant is being sued in his/her individual/personal capacity.

6. At all times herein mentioned, Defendant Police Officer BLASZ Star No. 10077 ("Blasz") was employed by the Chicago Police Department and was acting under color of state law and as the employee, agent, or representative for the Chicago Police Department. This Defendant is being sued in his/her individual/personal capacity.

7. At all times herein mentioned, Defendant Police Officer TARALA Star No. 19323 ("Tarala") was employed by the Chicago Police Department and was acting under color of state law and as the employee, agent, or representative for the Chicago Police Department. This Defendant is being sued in his/her individual/personal capacity.

8. At all times herein mentioned, Defendant Police Officer JOHNSON Star No. 17442 ("Johnson") was employed by the Chicago Police Department and was acting under color of state law and as the employee, agent, or representative for the Chicago Police Department. This Defendant is being sued in his/her individual/personal capacity.

9. At all times herein mentioned, Defendant Police Officer FICO Star No. 6284 ("Fico") was employed by the Chicago Police Department and was acting under color of state law and as the employee, agent, or representative for the Chicago Police Department. This Defendant is being sued in his/her individual/personal capacity.

10. At all times herein mentioned, Defendant Police Officer VASQUEZ Star No. 19492 ("Vasquez") was employed by the Chicago Police Department and was acting under color of state law and as the employee, agent, or representative for the Chicago Police Department. This Defendant is being sued in his/her individual/personal capacity.

11. At all times herein mentioned, Defendant Police Officer SCHILLING Star No. 6449 ("Schilling") was employed by the Chicago Police Department and was acting under color of state law and as the employee, agent, or representative for the Chicago Police Department. This Defendant is being sued in his/her individual/personal capacity.

12. At all times herein mentioned, Defendant Police Officer LA CASA CALIZ Star No. 8686 ("La Casa Caliz") was employed by the Chicago Police Department and was acting under color of state law and as the employee, agent, or representative for the Chicago Police Department. This Defendant is being sued in his/her individual/personal capacity.

13. At all times herein mentioned, the CITY OF CHICAGO was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the Chicago Police Department.

**FACTUAL ALLEGATIONS**

14. On or about November 2003, Plaintiff was alleged to have been involved in a hit-and-run accident involving a Chicago Police Department vehicle under the control of Defendants Vasquez and La Casa Caliz.

15. On information and belief, Plaintiff alleges that all the individual defendants subsequently entered into an agreement to harass Plaintiff by falsely arresting and bringing false

criminal charges against him in retaliation for his alleged involvement in the hit-and-run accident. These are non-routine police practices.

16. On or about March 30, 2006, Plaintiff's vehicle was improperly being towed.

17. At that time, Defendants Weiglein and Niedzwiecki arrived at Plaintiff's location and falsely arrested Plaintiff.

18. On or about July 6, 2006, Plaintiff's vehicle was improperly being towed.

19. At that time, Defendants Blasz and Tarala arrived at Plaintiff's location and falsely arrested Plaintiff.

20. Defendants Blasz and Tarala then caused plaintiff to be falsely charged with theft and disobeying a police officer order.

21. On or about March 5, 2008, Plaintiff's case was dismissed, terminating in his favor.

22. On or about September 22, 2007, Plaintiff was walking to a train station.

23. At that time, Defendants Johnson and Fico arrived at Plaintiff's location and falsely arrested Plaintiff.

24. Defendants Johnson and Fico then caused Plaintiff to be falsely charged with trespass and violation of bail bond.

25. On or about October 29, 2007, Plaintiff's case was dismissed, terminating in his favor.

26. Plaintiff in no way consented to any of the above conduct.

27. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries including, but not limited to, humiliation and indignities, and suffered great

physical, mental, and emotional pain and suffering all to his damage in an amount to be ascertained.

28. The aforementioned acts of the Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

29. By reason of the above-described acts and omissions of the Defendants, Plaintiff was required to retain an attorney to institute, prosecute, and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants, and each of them, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I

**Plaintiff against Defendants Weiglen and Niedzwiecki for False Arrest**

30. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-nine (29) hereat as though fully alleged at this place.

31. By reason of the defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

32. Defendants caused the arrest of Plaintiff unreasonably and without probable or any legal cause to believe that Plaintiff had committed any crime. Therefore, Defendants and each of them are liable for false arrest under 42 U.S.C. § 1983.

## COUNT II

### Plaintiff against Defendants Blasz and Tarala for False Arrest

33. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-nine (29) hereat as though fully alleged at this place.

34. By reason of the defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

35. Defendants caused the arrest of Plaintiff unreasonably and without probable or any legal cause to believe that Plaintiff had committed any crime. Therefore, Defendants and each of them are liable for false arrest under 42 U.S.C. § 1983.

## COUNT III

### Plaintiff against Defendants Johnson and Fico for False Arrest

36. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-nine (29) hereat as though fully alleged at this place.

37. By reason of the defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

38. Defendants caused the arrest of Plaintiff unreasonably and without probable or any legal cause to believe that Plaintiff had committed any crime. Therefore, Defendants and each of them are liable for false arrest under 42 U.S.C. § 1983.

## COUNT IV

### Plaintiff against all Individual Defendants for Conspiracy to Deprive Plaintiff of Constitutional Rights

39. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-nine (29) hereat as though fully alleged in this place.

40. As alleged, Defendants and other conspirators entered into a conspiracy and did undertake the actions described in paragraph fourteen (14) above, resulting in the false arrests, and wrongful prosecutions of Plaintiff.

41. Defendants overt act of falsely arresting and wrongfully prosecuting Plaintiff in furtherance of said agreement resulted in the deprivations of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

42. The acts described constituted a wrongful seizure and a violation of Plaintiff's due process rights. Therefore, all Individual Defendants are liable for conspiracy under 42 U.S.C. § 1983.

## COUNT V

**Plaintiff Against Defendants Blasz and Tarala and the City of Chicago For The State Supplemental Claim Of Malicious Prosecution**

43. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-nine (29) hereat as though fully alleged at this place.

44. Defendants caused a criminal prosecution to commence against the plaintiff.

45. Defendants, police officers employed by the City of Chicago, maliciously commenced and caused to be continued a criminal action against the plaintiff without probable or any legal cause for the institution and continuation of these proceedings. As a result, Plaintiff was injured emotionally and otherwise from the loss of certain constitutionally protected liberty and related rights.

46. Defendants facilitated this malicious prosecution by the creation of false evidence and by giving false police reports.

47. The criminal proceedings were terminated in the plaintiffs' favor.

48. The City of Chicago is liable as a result of *respondeat superior*.

49. Therefore, the individual defendants Blasz and Tarala and the City of Chicago are liable under the state supplemental claim of Malicious Prosecution.

## COUNT VI

**Plaintiff against Defendants Johnson and Fico and the City of Chicago For The State Supplemental Claim Of Malicious Prosecution**

50. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-nine (29) hereat as though fully alleged at this place.

51. Defendants caused a criminal prosecution to commence against the plaintiff.

52. Defendants, police officers employed by the City of Chicago, maliciously commenced and caused to be continued a criminal action against the plaintiff without probable or any legal cause for the institution and continuation of these proceedings. As a result, Plaintiff was injured emotionally and otherwise from the loss of certain constitutionally protected liberty and related rights.

53. Defendants facilitated this malicious prosecution by the creation of false evidence and by giving false police reports.

54. The criminal proceedings were terminated in the plaintiffs' favor.

55. The City of Chicago is liable as a result of *respondeat superior*.

56. Therefore, the individual defendants Johnson and Fico and the City of Chicago are liable under the state supplemental claim of Malicious Prosecution.

WHEREFORE, the plaintiff, Kevin Sroga, by and through his attorneys, Ed Fox & Associates, request judgment as follows against the defendants, and each of them on all claims:

1. That the defendants be required to pay the plaintiff, general damages, including emotional distress, in a sum to be ascertained;

2. That the defendants be required to pay the plaintiff special damages in a sum to be ascertained;

3. That the defendants, except the City of Chicago, be required to pay the plaintiffs attorneys' fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the individual defendants be required to pay the plaintiffs punitive and exemplary damages in a sum to be ascertained;

5. That the defendants be required to pay the plaintiffs costs of the suit herein incurred; and

6. That the plaintiff have such other and further relief as this Court may deem just and proper

Dated: March 27, 2008                        BY:    /s/ Leslie C. McCoy
                                                                                Leslie C. McCoy

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams Street
Suite 330
Chicago, Illinois 60606
(312) 345-8877

9

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

                      BY:    /s/Leslie C. McCoy
                                    Leslie C. McCoy

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams Street
Suite 330
Chicago, Illinois 60606
(312) 345-8877