# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN SROGA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 1789 |
| | ) | |
| P.O. WEIGLEN, Star No. 13384, | ) | Judge Ronald A. Guzmán |
| P.O. NIEDZWIECKI, Star No. 11319, | ) | |
| P.O. BLASZ, Star No. 10077, P.O. | ) | |
| TARALA, Star No. 19323, P.O. | ) | |
| JOHNSON, Star No. 17442, P.O. FICO, | ) | |
| Star No. 6284, P.O. VASQUEZ, Star | ) | |
| No. 19492, P.O. SCHILLING, Star No. | ) | |
| 6449, P.O. LA CASA CALIZ, Star | ) | |
| No. 8686, individually, and THE CITY | ) | |
| OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Kevin Sroga has sued nine Chicago police officers and the City of Chicago pursuant to 42 U.S.C. § ("section") 1983 for allegedly violating and conspiring to violate his Fourth Amendment right to be free from unreasonable seizure. Before the Court is Officers Vasquez, La Casa Caliz, and Schilling's motion, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), to dismiss Sroga's section 1983 conspiracy claim.[1] For the reasons provided herein, the Court grants in part and denies in part their motion.

---

[1] This motion is directed solely to Count IV, the only claim against Officers Vasquez, La Casa Caliz and Schilling (Compl. ¶¶ 39-42). The other defendants have answered the complaint.

## FACTS

On or about November 2003, Sroga was involved in a hit-and-run accident with a Chicago Police Department vehicle under the control of defendants Vasquez and La Casa Caliz. (Compl. ¶ 14.) Sroga alleges that all defendants sued in their individual capacity subsequently entered into an agreement to harass him by falsely arresting and bringing criminal charges against him in retaliation for his alleged involvement in the hit-and-run accident. (*Id.* ¶ 15.)

First, on or about March 30, 2006, Sroga's vehicle was improperly towed, and defendants Weiglein and Niedzwiecki falsely arrested him. (*Id.* ¶¶ 16-17.) On April 20, 2006, this charge was stricken with leave to reinstate. (*Id.*) Second, on July 6, 2006, Sroga's vehicle was again improperly towed, and defendants Blasz and Tarala arrested him and charged him with theft and disobeying a police officer's order. (*Id*. ¶¶ 18-20.) On or about March 5, 2008, Sroga's case was dismissed, terminating in his favor. (*Id.* ¶ 21.) Third, on or about September 22, 2007, Sroga was walking to a train station when defendants Johnson and Fico falsely arrested and charged him with trespass and violation of a bail bond. (*Id*. ¶¶ 22-24.) On or about October 29, 2007, Sroga's case was dismissed, terminating in his favor. (*Id*. ¶ 25.)

On March 27, 2008, Sroga filed this action against Officers Vasquez, La Casa Caliz and Schilling. He alleges that they entered into a conspiracy to deprive Sroga of his constitutional rights via the overt acts of falsely arresting and wrongfully prosecuting him. (*Id*. ¶¶ 40-41.)

## Discussion

In ruling on a Rule 12(b)(6) motion to dismiss, a court must accept all allegations as true and draw all reasonable inferences in favor of the non-moving party. *Hishon v. King &*

*Spalding*, 467 U.S. 69, 73 (1984).  Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This "statement must be enough to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Killingsworth v. HSBC Bank Nev., N.A*., 507 F.3d 614, 618 (7th Cir. 2007) (quotations omitted); *see Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007).  The court "does 'not require heightened fact pleading of specifics,' [but] does require the complaint to contain 'enough facts to state a claim to relief that is plausible on its face.'"  *Killingsworth*, 507 F.3d at 618 (quoting *Twombly*, 127 S.Ct. at 1974).

## II.  Officers Vasquez and La Casa Caliz

Section 1983 makes it unlawful for any person "under color of any statute, ordinance, regulation, custom, or usage, of any State . . . [to] subject[], or cause[] to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution."  42 U.S.C. § 1983.  To state a section 1983 civil conspiracy claim, Sroga must allege "(1) an express or implied agreement among defendants to deprive plaintiff of his or her constitutional rights and (2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement."  *See Scherer v. Balkema*, 840 F.2d 437, 441-42 (7th Cir. 1988).  "A complaint pleads sufficient facts from which a § 1983 conspiracy can be inferred where a conspiratorial agreement is plead generally, and facts documenting overt acts in furtherance of the conspiracy are plead specifically."  *Tribblet v. Sanchez*, No. 95 C 6816, 1996 WL 496603, at *4 (N.D. Ill. Aug. 29, 1996); *see Quinones v. Szorc*, 771 F.2d 289, 291 (7th Cir. 1985).

Officers Vasquez and La Casa Caliz argue that Sroga has failed to allege the second element – that they committed an overt act in furtherance of the conspiracy agreement.  They

3

argue that because Sroga only alleged overt acts in furtherance of the conspiracy committed by the other defendants, Sroga cannot allege a claim for conspiracy against them. They do not cite, and the Court has not found, any law that supports their theory.

On the contrary, the Seventh Circuit has stated that "the doctrine of civil conspiracy extends liability for . . . the deprivation of constitutional rights[] to persons other than the actual wrongdoer." *Hostrop v. Bd. of Jr. Coll. Dist. No. 515*, 523 F.2d 569, 576 (7th Cir. 1975) (citing W. Prosser, The Law of Torts § 46 at 293 (4th ed. 1971)). A conspiracy claim is "the legal mechanism through which to impose liability on each and all the defendants without regard to the person doing the particular act." *Id.* (quotation omitted). "The charge of conspiracy in a civil action is merely the string whereby the plaintiff seeks to tie together those who, acting in concert, may be held responsible for any overt act or acts." *Id.* (quotation omitted).

The Court holds that Sroga sufficiently states a claim for section 1983 conspiracy against Vasquez and La Casa Caliz. Sroga alleges that after he was involved in a hit-and-run accident with Vasquez and La Casa Caliz's car, Officers Weiglein and Niedzwiecki falsely arrested him and had his car improperly towed. (Compl. ¶¶ 16-17.) Less than a month later, Officers Blasz and Tarala falsely arrested him and charged him with disobeying a police order, and the case was terminated in Sroga's favor. (*Id.* ¶¶ 18-21.) Six months later, Officers Johnson and Fico falsely arrested him and charged him with trespass and violation of a bail bond, and the case was terminated in Sroga's favor. (*Id.* ¶¶ 22-25.) It is reasonable to infer that all of the officer defendants acted in concert pursuant to an agreement because Sroga was falsely arrested three times in an eighteen-month period after the hit-and-run incident involving Vasquez and La Casa

4

Caliz. These allegations are sufficient to state a section 1983 conspiracy claim against Officers Vasquez and La Casa Caliz.

Furthermore, Officers Vasquez and La Casa Caliz's reliance on *Flores v. City of Chicago*, 682 F. Supp. 950, 951 (N.D. Ill. 1988), is misplaced. In *Flores*, the plaintiffs brought a section 1983 conspiracy claim against police officers who entered their residence, physically abused them, falsely arrested them, failed to take one of the plaintiffs to the hospital and charged both plaintiffs with obstruction of a police officer and one of the plaintiffs with battery. *Id.* After it dismissed the section 1983 claims on other grounds, the court stated in dicta that the plaintiffs presented "no facts from which a conspiratorial agreement may reasonably be inferred." *Id.* at 953. Unlike the plaintiffs in *Flores*, as discussed above, Sroga has presented facts from which a conspiratorial agreement between Officers Vasquez and La Casa Caliz and the arresting officers may be reasonably inferred.

Finally, the Court rejects the argument that the intra-corporate conspiracy doctrine bars this claim. District courts have declined to apply the intra-corporate conspiracy doctrine in police misconduct cases. *See, e.g.*, *Fairley v. Andrews*, 300 F. Supp. 2d 660, 669 (N.D. Ill. 2004); *Petrovic v. City of Chi.*, No. 06 C 6111, 2008 WL 4286954, at *8 (N.D. Ill. Sept. 16, 2008; *McDorman v. Smith*, No. 05 C 448, 2005 WL 1869683, at *6 (N.D. Ill. Aug. 2, 2005); *Moreno v. Town of Cicero*, No. 01 C 1726, 2002 WL 31017932, at *3 (N.D. Ill. Sept. 5, 2002).

## II. Officer Schilling

In contrast to the allegations against Officers Vasquez and La Casa Caliz, the complaint is

5

devoid of any facts relating to Officer Schilling. "[C]onclusory allegations of a conspiracy do not suffice." *James v. Vill. of Plainfield*, No. 92 C 6442, 1993 WL 535391, at *2 (N.D. Ill. Dec. 17, 1993). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombley*, 127 S.Ct. at 1974.

Although he lists Officer Schilling's name in the complaint's caption and description of the parties, Sroga fails to provide any information about him in either the facts section or under any of the individual counts. There are simply no facts to create a reasonable inference that Schilling agreed with the other defendants to conspire to deprive Sroga of his constitutional rights, was privy to the underlying purpose of the alleged conspiracy or had any knowledge of the goal sought to be attained by the other officers. Thus, the complaint does not contain enough facts to state a plausible section 1983 conspiracy claim against Officer Schilling or give him fair notice of the grounds upon which the claim rests. The Court grants the motion to dismiss Count IV as to Officer Schilling and dismisses the claim without prejudice.

## CONCLUSION

For the reasons set forth above, the Court grants in part and denies in part the motion to dismiss Count IV of the complaint [doc. no. 13]. The Court grants the motion as to Officer Schilling and denies the motion as to Officers Vasquez and La Casa Caliz.

SO ORDERED.    ENTERED:

*Ronald A. Guzman*

11/3/08    _____

**HON. RONALD A. GUZMAN**
**United States District Judge**